UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20613-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REGINALD RICHARD,

    Defendant.
_____/

## ORDER DENYING MOTION IN LIMINE TO
## EXCLUDE EVIDENCE OF DEFENDANT'S JOB ABANDONMENT

This matter arose upon the Motion In Limine to Exclude Evidence of the Defendant's Job Abandonment, filed on February 10, 2011, by Defendant Reginald Richard (DE # 276).  A hearing was held on February 11, 2011, at which time the undersigned denied the Motion, without prejudice to renew if warranted by the facts developed at trial.  This Order sets forth the ruling made at the hearing, and incorporates by reference the reasons stated on the record.

    I.    BACKGROUND

The above named Defendants and seven co-defendants are charged in an eight-count Indictment with committing various drug trafficking offenses.  Six co-defendants have entered guilty pleas and are cooperating with the government.  According to the information provided by the government at various pretrial detention hearings and guilty plea proceedings, this case involves the importation of cocaine and heroin from Venezuela to Miami in cargo shipments which arrived at Miami International Airport.  The three shipments specifically identified by the Government occurred from September 2006 through October 2006.  No arrests were made at the time of these shipments, and the Government's investigation is based primarily upon historical information.  During

the course of the Government's investigation, various co-conspirators began cooperating, and they recorded conversations with some of these defendants concerning those shipments.

## II. THE MOTION IN LIMINE

According to the proffer of the Government at the hearing, at the time of the above cargo shipments containing the cocaine and heroin, defendant Richard was employed as the Import Supervisor at Amerijet International Airlines. The shipments of cocaine were received by Amerijet at their secure warehouse facility. The last shipment arrived there on October 10, 2006. The cocaine and heroin were discovered by the Government, and removed from the shipment. Thereafter, on or about October 25, 2006, the container was delivered to its intended recipient, albeit without the drugs. According to Government witnesses, the owners of the cocaine would hold the co-conspirators who worked at the airport accountable for the missing drugs. Co-conspirators will testify that following the discovery that the drugs were missing from this last shipment, defendant Richard left town. The Government intends to introduce evidence that the approximately the day after the shipment was delivered, defendant Richard failed to show up at work and moved out of state, leaving his job without notice to Amerijet. He later mailed various work-related items to Amerijet. The Government asserts that these actions demonstrate that defendant Richard had knowledge that drugs were supposed to be in the cargo shipment and that he was a member of the conspiracy. The Government asserts that his actions support the inference that he fled the area after discovering that the drugs had been removed; and, that his motive for fleeing was due to a fear that he would be held accountable for the loss by the other co-conspirators; and/or a fear that the drug smuggling activities had been discovered by law

enforcement.

The Motion in Limine seeks to preclude the Government from introducing this evidence pursuant to Federal Rules of Evidence 401 and 403. Defendant Richard argues that the evidence is not relevant because there might be many reasons why the Defendant abandoned his job, other than the seizure of the narcotics from this shipment. In addition, he argues that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice (DE # 276).

At the hearing, the Defendant acknowledged that his argument regarding relevance was based in large part on the premise that there was too long a period of time between the October 10, 2006 shipment of drugs into the country and the October 26, 2006 job abandonment to support an inference that Defendant's abandonment was related to the shipment of cocaine. He conceded that his argument was much weaker under the Government's proffer that the abandonment occurred approximately one day after the shipment was delivered and the Defendant discovered that drugs had been removed from the shipment.

As stated by the United States Supreme Court, under Rule 403, "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The relevant inquiry is "not whether the evidence itself is prejudicial, but rather whether its probative value is outweighed by its prejudicial effect. Consequently, the balancing test prescribed by Rule 403 militates in favor of admissibility." *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir.2004) (citation omitted).

Based upon the Government's proffer, the undersigned finds that the Defendant's flight from the area and abandonment of his job is highly probative of his knowledge that drugs were contained in that shipment. Moreover, the fact that one leaves his job is not unduly prejudicial. Thus, assuming the evidence adduced at trial by the Government is consistent with its proffer, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, within the meaning of Fed. R. Evid. 403.

### III.     CONCLUSION

Therefore, based upon the foregoing analysis, and for the reasons stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that the Motion In Limine to Exclude Evidence of the Defendant's Job Abandonment, filed by Defendant Reginald Richard (DE # 276), is **DENIED**, without prejudice.

**DONE AND ORDERED** at Miami, Florida, on February 13, 2011.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
The Honorable K. Michael Moore, United States District Judge
Counsel of Record